## Matter of 260 Madison Ave. HVAC Unit Collapse

2020 NY Slip Op 35741(U)

April 27, 2020

Supreme Court, New York County

Docket Number: Index No. 151809/2018

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 8
--------------------------------------------------------------------------X
IN RE: 260 MADISON AVENUE HVAC UNIT
COLLAPSE

**DECISION/ORDER**

--------------------------------------------------------------------------X
This Decision/Order Relates To:

Beck v. 260-261 Madison Ave. LLC *et al.*

Ind. No. 152458/17
Mot Seq. No. 008

-and-

Pyle v. 260-261 Madison Ave. LLC *et al.*

Ind. No. 154601/18
Mot Seq. No. 005

-and-

Continental v. Skylift *et al.*

Ind. No. 154570/18
Mot Seq. No. 003

-and-

Welch v. 260-261 Madison Ave. LLC. *et al.*

Ind. No. 162502/15
Mot Seq. No. 009

-and-

260-261 Mad. Ave LLC. v. Penguin Air Cond. Corp. *et al.*

Ind. No. 157898/17
Mot Seq. No. 007

-and-

State Farm v. Skylift et al

Ind. No. 450469/18
Mot Seq. No. 002

-and-

Pacific v. Penguin Air Cond. Corp. et al.

Ind. No.151809/18
Mot. Seq. No. 003

Present:
Hon. Lynn R. Kotler,
J.S.C.

--------------------------------------------------------------------------X

These coordinated actions arise from a crane accident which occurred on May 31, 2015 at 261 Madison Avenue, New York, New York, when an HVAC chiller unit fell while being hoisted by the crane to the 30th floor of the subject premises. Its alleged that one of the straps on a sling was used to secure the HVAC unit snapped while it was being hoisted which caused property damage and personal injuries.

Page **1** of 3

In each of these motions, defendant/third-party plaintiff Skylift moves to compel Marine & Industrial Supply Company, Inc. sometimes d/b/a Marine & Industrial Testing Solutions and Marine Industrial Testing Solutions (collectively "Marine") to respond to limited jurisdictional demands. In the Beck and Welch cases, defendant 260-261 Madison Avenue Corp., cross-moves for the same relief, limited jurisdictional discovery from Marine. Defendant/third-party defendant Marine **ONLY** oppose the motions in the Beck, Continental, Welch and Pacific cases. The motions are hereby consolidated for the court's consideration and disposition in this single decision/order.

The relevant facts are as follows. 260-261 Madison owned the subject premises on the date of the accident and the crane was being operated by Skylift at that time. Marine manufactured the sling which allegedly snapped and Paul's Wire Rope & Sling ("Pauls") was the retailer who sold the sling.

In a decision dated September 26, 2018, this court held that Skylift and 260-261 Madison that they have made a "sufficient start" to showing that "facts may exist" to justify the exercise of jurisdiction pursuant to CPLR § 302 (CPLR § 3211[d]; see i.e. *Doe v. McCormack*, 100 AD3d 684 [2d Dept 2012]). Therefore, the court denied Marine's motions to dismiss for lack of personal jurisdiction without prejudice to renew upon the completion of limited discovery on the issue of personal jurisdiction.

On or about October 31, 2018, Skylift, 260-261 Madison and ASSR Construction, LLC served Marine with identical Joint Notices for Discovery and Inspection in the Jones, Welch, Beck and Sentinel actions. Later, the attorneys in all coordinated actions agreed that the Joint D&I was deemed to have been served and Marine's responses in the Jones action deemed to have been made in all actions. Skylift and 260-261 argue that Marine has either not responded to the requested discovery requests and/or cured the deficiencies in its responses and that this failure is delaying the noticing of a jurisdictional deposition of Marine. Marine disagrees and argues that it "has provided all responsive discovery in its possession, and has provided an

Page **2** of **3**

[* 2]

affidavit from Marine's President Thomas Benton, confirming that all discovery has been provided".

The court disagrees. Marine's responses to the Joint Discovery and Inspection Notice are wholly deficient. Moreover, the Jackson affidavit provided by Marine's President Thomas Benton is a bare bones conclusory affidavit. Benton states that Marine does not have any contracts with dealers of Marine products in New York, does not have any agreements in New York pertaining to the sale etc. and is not in possession of any communications between Marine and Paul's regarding the sling at issue. This affidavit is a poor attempt by Marine to comply with discovery and woefully fails to outline in detail what when and where etc. was searched to locate responsive documents to the discovery requests.

Based on the foregoing, Marine shall supplement and/or respond to the following discovery: a) paragraph 13, paragraphs d53 through 76, 100 and 101 of the joint demand dated February 22, 2018; and Marine to respond to Skylift's D & I paragraphs 10, 18 and 32 on or before June 30, 2020 and Marine shall produce its president Thomas Benton for a deposition on or before July 31, 2020.

In accordance herewith, it is hereby **ORDERED** that the motions and cross-motions to strike/compel are granted to the extent that Marine shall supplement and/or respond to the following discovery: a) paragraph 13, paragraphs d53 through 76, 100 and 101 of the joint demand dated February 22, 2018; and Marine to respond to Skylift's D & I paragraphs 10, 18 and 32 on or before June 30, 2020 and Marine shall produce its president Thomas Benton for a deposition on or before July 31, 2020.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly rejected and this constitutes the decision and order of the court.

Dated:     New York, New York
           April 27, 2020                              So Ordered:

                                                       _____
                                                       Hon. Lynn R. Kotler, J.S.C.